UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL, LTD.,

Plaintiff/Counter-Defendant,

v.  Case No: 8:17-cv-2422-T-27CPT

ULTROID, LLC, ULTROID
MARKETING DEVELOPMENT CORP.,
and ULTROID TECHNOLOGIES, INC.,

Defendants/Counter-Plaintiffs.
_____/

## ORDER

**BEFORE THE COURT** are (1) Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings (Dkt. 45) and Defendants/Counter-Plaintiffs' response (Dkt. 47); (2) Defendants/Counter-Plaintiffs' Motion in the Alternative for Leave to Amend the Counterclaims (Dkt. 49) and Plaintiff/Counter-Defendant's response (Dkt. 50); and (3) Defendants/Counter-Plaintiffs' Motion to Amend Pleadings (Dkt. 80) and Plaintiff/Counter-Defendant's response (Dkt. 92). Upon consideration, Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings is **DENIED**. Defendants/Counter-Plaintiffs' Motion in the Alternative for Leave to Amend the Counterclaims is **GRANTED**. Defendants/Counter-Plaintiffs' Motion to Amend Pleadings is **DENIED** as moot.

I.  **BACKGROUND**

Dragon Jade International, Ltd. brought this action alleging that Ultroid, LLC, Ultroid Marketing Development Corp., and Ultroid Technologies, Inc. (collectively, "Ultroid"), breached two agreements between the parties. *See* (Dkts. 1, 1-1, 1-2). Ultroid counterclaimed, alleging a

1

violation of the Florida Deceptive and Unfair Trade Practices Act, violations of the federal and Florida Racketeering Influenced and Corrupt Organization Acts, fraud in the inducement, conspiracy to defraud, and breach of contract. (Dkt. 39).

## II. STANDARD

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *See Payne v. Doco Credit Union*, 734 F. App'x 623, 627 (11th Cir. 2018) (quoting *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)).[1] "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2011). All material facts alleged in the non-moving party's pleadings are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In sum, when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be granted. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

---

[1] A complaint should include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must include more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Dragon Jade moves for judgment on the pleadings on five of the six counterclaims brought by Ultroid. (Dkt. 39). Dragon Jade contends that Ultroid's factual allegations are insufficient and its conclusions are not supported by factual allegations. (Id. at p. 3). With respect to Ultroid's FDUTPA, fraud in the inducement, and conspiracy to defraud claims, the court disagrees. With respect to Ultroid's federal and Florida RICO claims, the court agrees. Specifically, with respect to Ultroid's FDUTPA, fraud in the inducement, and conspiracy to defraud claims, it cannot be said at this stage that Ultroid "can prove no set of facts in support of [its] claim[s]," such that Dragon Jade is entitled to judgment as a matter of law. *See Moore*, 267 F.3d at 1213.

However, with respect to Ultroid's RICO claims, Ultroid includes numerous conclusory allegations without supporting facts. For example, in Counterclaims II and III, Ultroid alleges, without factual support, that Dragon Jade is "an enterprise under RICO." (Dkt. 39, ¶¶ 60, 68). Similarly, in alleging a pattern of racketeering activity under RICO, Ultroid merely states, "[u]pon information and belief, Dragon Jade has engaged in similar activity in the past, and such conduct reflects a pattern and practice employed by Dragon Jade." (Id. at ¶¶ 60, 64). These conclusory allegations are insufficient. *See Iqbal*, 556 U.S. at 678.[2]

---

[2] Moreover, it is difficult to determine which of Ultroid's general factual allegations support the individual claims, despite Ultroid's attempt to clarify them in its Response in Opposition to Dragon Jade's Motion for Judgment on the Pleadings (Dkt. 47). Ultroid's counterclaim is tantamount to an impermissible shotgun pleading. *See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1354 (11th Cir. 2018) ("The amended complaint was . . . a shotgun pleading: it incorporated all the factual allegations into each count without delineating which allegations pertained to each count."). Each count incorporates all forty-eight (48) paragraphs of the general factual allegations. "'Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four . . . . [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-26 (11th Cir. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Indeed, some allegations are inconsistent with certain claims, but are nevertheless incorporated into those claims. For example, it is not apparent how the allegation that "Michael Knox was hired as the CFO for the Ultroid Companies in 2007" (Dkt 39, ¶ 40) is relevant to the breach of contract claim brought in Count VI.

With respect to Ultroid's FDUTPA and fraud claims, Dragon Jade contends that Ultroid's factual allegations do not satisfy the heightened pleading standard under Rule 9(b), taking issue with the sufficiency of Ultroid's factual allegations. But detailed factual allegations are not required. *Iqbal*, 556 U.S. at 678. Indeed, the factual summary from the Counterclaims Ultroid includes in its motion at page 16 plausibly supports these claims.

Apparently anticipating that one or more of its claims do not include sufficient factual allegations, Ultroid requests leave to amend. See (Dkts. 49, 80). In this Circuit, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).[3]

Accordingly, Dragon Jade's Motion for Judgment on the Pleadings is **DENIED**. Ultroid's Motion in the Alternative for Leave to Amend is **GRANTED**. Ultroid is granted leave to file an Amended Counterclaims within **ten (10) days** that complies with Rules 8(a), 9(b), and 11(b) of the Federal Rules of Civil Procedure. Dragon Jade shall have **fifteen (15)** days to answer or otherwise respond to the Amended Counterclaims.

**DONE AND ORDERED** this 28th day of January, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] And the proper remedy for a shotgun complaint is to strike the complaint. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).