UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL,
LTD.,

    **Plaintiff/Counter-Defendant,**

v.                                                Case No: 8:17-cv-2422-T-27CPT

ULTROID, LLC, ULTROID
MARKETING DEVELOPMENT CORP.,
and ULTROID TECHNOLOGIES, INC.,

    **Defendants/Counter-Plaintiffs.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff/Counter-Defendant's Motion to Dismiss (Dkt. 124). No response is necessary. Defendants/Counter-Plaintiffs' Amended Counterclaims fails to comply with the pleading standards explicated in *Atlantic Bell Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as well as Rules 8 and 10, FED. R. CIV. P. Upon consideration, Plaintiff/Counter-Defendant's Motion to Dismiss (Dkt. 124) is **GRANTED** on the grounds that Defendants/Counter-Plaintiffs' Amended Counterclaims (Dkt. 121) is a shotgun complaint and will be dismissed.

Like its Counterclaims (Dkt. 39), each count of Defendants/Counter-Plaintiffs' Amended Counterclaims (Dkt. 121) purports to incorporate all one-hundred and fourteen (114) paragraphs of general and factual allegations in complete disregard for the Order granting Defendants/Counter-Plaintiff's leave to amend. (See Dkt. 119, p. 3 n.2).

Specifically, the Order stated:

> Moreover, it is difficult to determine which of Ultroid's general factual allegations support the individual claims, despite Ultroid's attempt to clarify them in its Response in Opposition to Dragon Jade's Motion for Judgment on the Pleadings (Dkt. 47). Ultroid's counterclaim is tantamount to an impermissible shotgun pleading. *See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1354 (11th Cir. 2018) ("The amended complaint was . . . a shotgun pleading: it incorporated all the factual allegations into each count without delineating which allegations pertained to each count."). Each count incorporates all forty-eight (48) paragraphs of the general factual allegations. "'Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four . . . . [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-26 (11th Cir. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Indeed, some allegations are inconsistent with certain claims, but are nevertheless incorporated into those claims. For example, it is not apparent how the allegation that "Michael Knox was hired as the CFO for the Ultroid Companies in 2007" (Dkt 39, ¶ 40) is relevant to the breach of contract claim brought in Count VI.

(Dkt. 119, p. 3 n.2).

Accordingly, the Amended Counterclaims (Dkt. 121) is a shotgun pleading and is **DISMISSED without prejudice.**[1] Defendants/Counter-Plaintiffs shall file a Second Amended Counterclaims within **seven (7) days** of this Order.

**DONE AND ORDERED** this 26th day of February, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] And the proper remedy for a shotgun complaint is to strike the complaint and order a repleader. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).