UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL, LTD., a British Virgin Island limited company,

    Plaintiff,

vs.

ULTROID, LLC, a Nevada corporation; ULTROID MARKETING DEVELOPMENT CORP., a Florida corporation; ULTROID TECHNOLOGIES, INC., a Florida corporation,

    Defendants,

and

ULTROID, LLC, a Nevada corporation; ULTROID MARKETING DEVELOPMENT CORP., a Florida corporation,

    Counter-Plaintiffs,

vs.

DRAGON JADE INTERNATIONAL, LTD., a British Virgin Island limited company,

    Counter-Defendant.
_____/

CASE NO: 8:17-cv-2422-T-27TBM

## AFFIDAVIT OF MICHAEL GOEREE

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    I, **MICHAEL GOEREE**, Affiant, first being duly sworn on oath, depose and say as follows:



1. I am over the age of 21 years, am competent to testify, and have personal knowledge of the facts set forth herein.

2. I have served as the Chief Executive Officer for Ultroid, LLC and Ultroid Marketing Development Corp since September 2017, and I have been designated as a corporate representative for all three Ultroid Defendants for purposes of this litigation.

3. After I joined the Ultroid companies, I came to learn that, in January 2017, Michael Knox and Kevin McAdams approved of a proposed sale of Ultroid's corporate assets to Dragon Jade. At the time, Mr. Knox and Mr. McAdams were Ultroid's only two Board members. Although they were also shareholders, even together, they did not own a majority of the Ultroid shares. Nonetheless, they never notified or sought approval from the Ultroid shareholders of the proposed transaction. Michael Knox then executed the Option Agreement, providing for the sale of the Assets to Dragon Jade. This, too, was done without shareholder approval.

4. The assets subject to the sale, which are listed in Exhibit A to the Option Agreement, include the intellectual property rights associated with Ultroid's cutting edge product that supports a non-evasive procedure to treat hemorrhoids. These assets make up substantially all of Ultroid's corporate assets. Without them, the nature of the Ultroid companies and their shareholders' investments would be fundamentally changed, as the companies are built on and the shareholders invested in this product.

5. Since the execution of the Option Agreement, the Ultroid shareholders have not ratified the sale of the assets to Dragon Jade or the Option Agreement itself. In fact, most of them were not even aware of the proposed transaction or Option Agreement. Since learning this information, rather than ratify the sale or the Agreement, the Ultroid shareholders have supported

the Ultroid companies' challenge to the validity, lawfulness, and enforceability of the Option Agreement and the purported right of Dragon Jade to purchase the Ultroid assets.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL GOEREE

The foregoing instrument was sworn to and signed before me this 21st day of January, 2019, by **MICHAEL GOEREE** who is personally known to me or who produced Fl Driver License as identification.

_____
NOTARY PUBLIC

Kevin Mastalsz
PRINT NAME

02/07/2021
COMMISSION EXPIRES

KEVIN MASTALSZ
MY COMMISSION # GG070549
EXPIRES February 07, 2021