# DEAN, RINGERS, MORGAN AND LAWTON

### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW

GOBLE D. DEAN [1913-2000]
ANDREW L. RINGERS [1937-2014]
DALE O. MORGAN (OF COUNSEL)
WILLIAM E. LAWTON *##++++
LAMAR D. OXFORD #
F. SCOTT PENDLEY *+++
JOHN D. ROBINSON
FRANK C. WESIGHAN +
JEFFRY J. BRANHAM +
JOSEPH R. FLOOD, JR.
S. RENEE STEPHENS LUNDY *
DOUGLAS T. NOAH
ALAN D. KALINOSKI +##**
JOHN M. JOYCE
G. CLAY MORRIS *
RONALD P. GRENINGER
MICHAEL A. LOWE +
JOHN T. CONNER
BRYAN A. LOWE +
GLORIA A. CARR
JOSHUA B. WALKER
GAIL C. BRADFORD ++###

MAIN OFFICE:

CAPITAL PLAZA 1
201 EAST PINE STREET, SUITE 1200 (32801)
POST OFFICE BOX 2928
ORLANDO, FL  32802-2928
(407) 422-4310
FAX (407) 648-0233
WWW.DRML-LAW.COM

**PLEASE REPLY TO MAIN OFFICE**

SATELLITE OFFICES:

FORT LAUDERDALE, FL 33301
(954) 315-3870
FAX (954) 302-7809

JACKSONVILLE, FL 32207
(904) 371-1907
FAX (904) 839-4089

SANDESTIN, FL 32550
(850) 269-7215
FAX (850) 601-0898

MIAMI, FL 33131
(305) 913-1797
FAX (786) 410-0720

TAMPA, FL 33607
(813) 288-4686
FAX (813) 579-3634

JESSICA C. CONNER
PATRICIA M. REGO CHAPMAN
C. DEWITT REVELS III
ERIC J. NETCHER
JENNA M. WINCHESTER
MEREDITH L. McAVOY
IVELIS QUINONES
COURTNEY L. TOURNADE

* FLORIDA BAR BOARD CERTIFIED CIVIL TRIAL LAWYER
+ FLORIDA BAR BOARD CERTIFIED WORKERS' COMPENSATION LAWYER
# FLORIDA BAR BOARD CERTIFIED APPELLATE PRACTICE LAWYER

## ADMITTED TO THE DIST. OF COLUMBIA BAR
** ADMITTED TO THE GEORGIA BAR
** ADMITTED TO THE ILLINOIS BAR
### ADMITTED TO THE MASSACHUSETTS BAR
+++ ADMITTED TO THE NEW YORK BAR

June 28, 2018

*Sent via email to:*

Jennifer G. Altman, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
600 Brickell Avenue, Suite 3100
Miami, FL  33131

      RE:    **Dragon Jade International, LTD. v. Ultroid, LLC, etc., et al.**
           **Case No.:    8:17-cv-2422-T-27TBM**

Dear Ms. Altman:

As I mentioned in my email, we are no longer available to conduct mediation on July 19, 2018. There is a mediation deadline of November 23, 2018, so we should go ahead and begin scheduling it now. I still believe Brian Spector would be a good choice, and he might have some availability with this additional time. We can also engage in informal settlement discussions at any time if you believe it would be productive.

I also wanted to discuss with you the indebtedness owed under the Security Agreement. The Complaint alleges that a total of $111,040 in remediation expenses were paid by Dragon Jade, and that an additional $40,000 was lent to Ultroid Marketing. While there is disagreement as to the amount that may be owed under the Security Agreement, I believe it would be helpful for us to resolve this issue now while both parties await the Court's ultimate decision regarding whether the option period has expired. Along those lines, please send me the underlying documents that support the amount of indebtedness that is being claimed under the Security Agreement, such as invoices, receipts, etc. Assuming we can reach an agreement as to the amount, then perhaps those funds could be held in escrow pending the Court's determination on the Option Agreement issue.

EXHIBIT

9

Jennifer G. Altman, Esq.
June 13, 2019
Page 2


Please let me know your thoughts as to this suggestion. I look forward to hearing from you.

Sincerely,

Joshua B. Walker

JBW/kr
cc:     William E. Lawton, Esq.
        Jenna M. Winchester, Esq.
44660001