# EXHIBIT 32

# pillsbury

Pillsbury Winthrop Shaw Pittman LLP
12255 El Camino Real, Suite 300 | San Diego, CA 92130-4088 | tel 858.509.4000 | fax 858.509.4010

Richard L. Blaylock
tel: 858.847.4110
richard.blaylock@pillsburylaw.com

Via Federal Express and Electronic Mail

September 28, 2017

Michael Knox (michaelknox@ultroid.com) and (maknoxcpa@yahoo.com)
Director
Ultroid Marketing Development Corp.
6023 S. 2nd Street
Tampa, FL 33611]

Michael J. Goeree (mgoeree1@gmail.com)
6023 S. 2nd Street
Tampa, FL 33611

Cedric E. Lewis (lewis.cedric@hotmail.com)
310 N. Myers Ave.
Sharon, PA 16146

Re:   Dragon Jade Exclusive Option and Remediation Agreement

Messrs. Knox, Goeree, and Lewis:

I write on behalf of Dragon Jade International, Ltd. ("**Dragon Jade**") regarding the January 19, 2017 Exclusive Option and Remediation Agreement between each of Ultroid, LLC, Ultroid Marketing Development Corporation and Ultroid Technologies, Inc. (collectively, the "**Ultroid Entities**") and Dragon Jade (the "**Option Agreement**").

We are in receipt of Michael Knox's letter of September 22, 2017. Dragon Jade rejects as baseless the Ultroid Entities' allegations of breach and purported termination. They are of no effect and the Option Agreement remains in effect and the Ultroid Entities continue to have contractual obligations to Dragon Jade under the Option Agreement including the obligation to preserve the Ultroid Assets subject to the exclusive Option granted to Dragon Jade. Any action impairing Dragon Jade's exclusive right to acquire the Ultroid Assets during the Option Period or Negotiation Period (as such terms are defined in the Option Agreement) will constitute a breach of

www.pillsburylaw.com

EXHIBIT
GOERE
18
12/3/18

4841-5435-2209.v1

# pillsbury

Messrs. Knox, Goeree, and Lewis
September 28, 2017
Page 3

This letter is without prejudice to Dragon Jade's legal and equitable rights which are expressly reserved.

Sincerely,

*[signature]*

Richard L. Blaylock
Partner



Pillsbury Winthrop Shaw Pittman LLP
12255 El Camino Real, Suite 300 | San Diego, CA 92130-4088 | tel 858.509.4000 | fax 858.509.4010

Richard L. Blaylock
tel: 858.847.4110
richard.blaylock@pillsburylaw.com

<u>Via Federal Express and Electronic Mail</u>

September 28, 2017

Michael Knox (michaelknox@ultroid.com) and (maknoxcpa@yahoo.com)
Director
Ultroid Marketing Development Corp.
6023 S. 2nd Street
Tampa, FL  33611]

Michael J. Goeree (mgoeree1@gmail.com)
6023 S. 2nd Street
Tampa, FL  33611

Cedric E. Lewis (lewis.cedric@hotmail.com)
310 N. Myers Ave.
Sharon, PA  16146

Re:   Dragon Jade Exclusive Option and Remediation Agreement

Messrs. Knox, Goeree, and Lewis:

I write on behalf of Dragon Jade International, Ltd. ("**Dragon Jade**") regarding the January 19, 2017 Exclusive Option and Remediation Agreement between each of Ultroid, LLC, Ultroid Marketing Development Corporation and Ultroid Technologies, Inc. (collectively, the "**Ultroid Entities**") and Dragon Jade (the "**Option Agreement**").

We are in receipt of Michael Knox's letter of September 22, 2017. Dragon Jade rejects as baseless the Ultroid Entities' allegations of breach and purported termination. They are of no effect and the Option Agreement remains in effect and the Ultroid Entities continue to have contractual obligations to Dragon Jade under the Option Agreement including the obligation to preserve the Ultroid Assets subject to the exclusive Option granted to Dragon Jade. Any action impairing Dragon Jade's exclusive right to acquire the Ultroid Assets during the Option Period or Negotiation Period (as such terms are defined in the Option Agreement) will constitute a breach of

www.pillsburylaw.com

4841-5435-2209.v1



Messrs. Knox, Goeree, and Lewis
September 28, 2017
Page 2

the Option Agreement by the Ultroid Entities and subject them to liability to Dragon Jade for liquidated damages as specified in 2.8 of the Option Agreement.

The Option Period is still ongoing and all of Dragon Jade's rights with respect to the Option and the Ultroid Assets are still in force. Mr. Knox's letter grossly misinterprets the Option Agreement and the definition of the Option Period. The Option Period continues through thirty days after the completion of Milestone 2; Milestones 1 and 2 are defined in the Option Agreement as follows:

- Milestone 1: Phase 1 and 2 complete: Completed DHF and creation of Device Master Record
- Milestone 2: Phase 3 complete: Open populated Device Master Record. Compliance with standards completed for some processes and ongoing for others. UL compliances completed and certification delivered to Optionee [Dragon Jade].

As Mr. Knox is well aware the remediation efforts are still ongoing, the Device History File has not been completed, and the Device Master Record has not been populated. Moreover, compliance with requirements for UL certification has not been completed. Consequently, Milestone 2 has not been completed and therefore the Option Period has not ended and it does not yet even have a definite ending date. Because Mr. Knox in his letter relies solely on the false allegation that the Option Period has lapsed to claim breach and termination, the letter is of no effect.

Dragon Jade has been diligently performing and funding the Remediation Tasks under the Option Agreement in reliance upon its exclusive Option and other rights under the Option Agreement. Dragon Jade insists that the Ultroid Entities promptly (and in all events no later than close of business October 2, 2017) retract their purported termination and confirm that they acknowledge the continued Option rights of Dragon Jade under the Option Agreement. Failure to do so will compel Dragon Jade to vigorously enforce its rights against the Ultroid Entities.

We note that Mr. Knox has suggested that there have been certain changes in the management structure of the Ultroid Entities. The Ultroid Entities are contractually obligated under the Option Agreement to promptly and fully respond to Dragon Jade's diligence inquiries relating to the Ultroid Assets and the Ultroid Entities. Any material management or ownership changes in the Ultroid Entities without disclosure to Dragon Jade pursuant to the outstanding diligence requests constitute an additional breach of the Option Agreement by the Ultroid Entities. Dragon Jade demands that the Ultroid Entities immediately disclose all changes in the management or ownership of the Ultroid Entities that have occurred in 2017.



Messrs. Knox, Goeree, and Lewis
September 28, 2017
Page 3

This letter is without prejudice to Dragon Jade's legal and equitable rights which are expressly reserved.

Sincerely,

Richard L. Blaylock
Partner