UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL, LTD., a British Virgin Island limited company,

    *Plaintiff,*

vs.

ULTROID, LLC, a Nevada corporation; ULTROID MARKETING DEVELOPMENT CORP., a Florida corporation; ULTROID TECHNOLOGIES, INC., a Florida corporation,

    *Defendants.*

_____/

CASE NO: 8:17-cv-2422-T-27TBM

## PLAINTIFF DRAGON JADE INTERNATIONAL LTD'S RESPONSES AND OBJECTIONS TO DEFENDANT ULTROID TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure Rule 26 and 36, Plaintiff Dragon Jade International LTD ("Dragon Jade" or "Plaintiff") hereby objects and responds to the Defendant Ultroid Technologies, Inc.'s ("Ultroid" or "Defendant") First Set of Requests for Admission (the "Requests"), dated October 8, 2018.

### PRELIMINARY STATEMENT

1.    Plaintiff objects to the definition of "Dragon Jade" set forth in Definition A to the extent that it includes legal counsel and thus seeks information covered by attorney-client privilege, the attorney work-product doctrine, or otherwise protected by Fed. R. Civ. P. 26(b)(3).

2.    Plaintiff objects to the definition of "You" or "your" set forth in Definition G to the extent that it tracks the definition of "Dragon Jade" set forth in Definition A and includes

legal counsel and thus seeks information covered by attorney-client privilege, the attorney work-product doctrine, or otherwise protected by Fed. R. Civ. P. 26(b)(3).

3. Plaintiff does not intend, and its responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by any of the Requests. Plaintiff's responses, including any actual production of requested information or documents, shall not be construed as an admission of the admissibility or relevance of any information or documents produced in response to the Requests. Plaintiff reserves all evidentiary objections, including objections to the relevance and admissibility of requested information and documents.

4. Plaintiff's search for information relevant to issues in this action is continuing. Plaintiff's objections and responses to the Requests are based only upon such information and documents that are available to them at this time. Further investigation in this action may disclose additional information that is, or documents that are, requested by Defendant. Plaintiff reserves the right to modify or supplement any and all of their objections and responses to the Requests as additional information or documents are obtained or become available or know to Plaintiff.

**OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS FOR ADMISSION**

Subject to and without waiving the Objections to Defendant's Requests for Admission set forth above, Plaintiff responds to the individually-numbered Requests as follows:

**REQUEST FOR ADMISSION NO. 1: Admit that Dragon Jade does not presently own the Ultroid Product or Ultroid Assets.**

**RESPONSE:**

Admitted that Dragon Jade has a perfected security interest on the Ultroid Assets.

**REQUEST FOR ADMISSION NO. 2:** Admit that the Ultroid Companies currently retain ownership over the Ultroid Product and Ultroid Assets.

**RESPONSE:**

Plaintiff lacks sufficient information or belief to admit or deny. Therefore, the allegations contained in Request no. 2 are denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that Dragon Jade claims ownership over the Ultroid Product on its website, www.DragonJade.com.

**RESPONSE:**

Denied. The www.DragonJade.com website speaks for itself.

**REQUEST FOR ADMISSION NO. 4:** Admit that a Dragon Jade employee, Tam Siu Man, sent $10,000.00 via wire transfer to Michael Knox's sister-in-law, for the benefit of Michael Knox, on or about January 25, 2017.

**RESPONSE:**

Admitted that Dr. Lai, directed a Dragon Jade employee to wire $10,000 to Michael Knox c/o his sister-in-law, on or about January 25, 2017. Otherwise, the allegations contained in Request no. 4 are denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that a Dragon Jade employee, Tam Siu Man, sent $5,400.00 via wire transfer to Michael Knox's sister-in-law, for the benefit of Michael Knox, on or about August 1, 2017.

**RESPONSE:**

Admitted Dr. Lai, directed a Dragon Jade employee to wire $5,400 to Michael Knox c/o his sister-in-law, on or about August 1, 2017. Otherwise, the allegations contained in Request no. 5 are denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that the wire transfers referenced in Nos. 3 and 4 were connected to Dragon Jade's efforts to enter into the Security Agreement and Option Agreement.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that Tam Siu Man was acting at the direction of Dragon Jade's CEO when she sent the wire transfers referenced in Nos. 3 and 4 above.

**RESPONSE:**

 Admitted.

**REQUEST FOR ADMISSION NO. 8:** Admit that there is no guarantee the Option Agreement, if valid and enforceable, would ultimately result in Dragon Jade's purchase of the Ultroid Assets.

**RESPONSE:**

 Admitted.

**REQUEST FOR ADMISSION NO. 9:** Admit that Dragon Jade and/or its representatives took photographs of Michael Knox while he was visiting Hong Kong in November of 2015.

**RESPONSE:**

 Denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that Dragon Jade and/or its representatives took photographs of Michael Knox while he was visiting Hong Kong in April of 2016.

**RESPONSE:**

 Admitted that during Michael Knox's visit to Hong Kong in April 2016, Glenn Henricksen took a picture of Michael Knox, at Mr. Knox's request and using Mr. Knox's phone. Mr. Knox thereafter uploaded this photograph to his Viber account. A true and correct copy of the photograph taken by Mr. Henricksen during Mr. Knox's April 2016 Hong Kong visit is attached to these Responses and Objections as **Exhibit A**.

**REQUEST FOR ADMISSION NO. 11:** Admit that you paid and/or reimbursed expenses for Michael Knox while he was visiting Hong Kong in November of 2015.

**RESPONSE:**

 Admitted.

**REQUEST FOR ADMISSION NO. 12:** Admit that Dr. Steve Lai gave Michael Cao an envelope of money exceeding the value of his travel expenses when he visited Hong Kong in April of 2016.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 13: Admit that Dragon Jade has not suffered any monetary damages as a result of the conduct alleged in the Complaint.**

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 14: Admit that in November of 2015, Dr. Steve Lai requested that the Ultroid Companies and/or their representatives get the Ultroid Companies appraised at approximately $80,000,000.00.**

**RESPONSE:**

Admitted that on or about November of 2015, as part of Dragon Jade's due diligence, Dr. Lai requested a that a valuation of the "Ultroid Companies" be performed. Otherwise, the allegations contained in Request no. 14 are denied.

**REQUEST FOR ADMISSION NO. 15: Admit that Dragon Jade, through its representatives, understood Michael Knox to be in poor health when they met in April of 2016.**

**OBJECTIONS:**

Plaintiff objects to this request because it calls for an admission regarding the vague, ambiguous, and subjective term "poor health."

**RESPONSE:**

Admitted that Dragon Jade was made aware that in the early months of 2016 Michael Knox was experiencing some health issues. Otherwise, the allegations contained in Request no. 15 are denied.

**REQUEST FOR ADMISSION NO. 16: Admit that Dragon Jade offered Michael Knox a full-time operations position if the Option and Security Agreements were consummated.**

**RESPONSE:**

5

Admitted that Dragon Jade offered Michael Knox a role as a consultant if the asset purchase was completed. Otherwise, the allegations contained in Request no. 16 are denied.

**REQUEST FOR ADMISSION NO. 17: Admit that Dragon Jade threatened Michael Knox in the days leading up to his execution of the Option and Security Agreements.**

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 18: Admit that Dragon Jade extorted Michael Knox in the days leading up to his execution of the Option and Security Agreements.**

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 19: Admit that Dragon Jade knew that Michael Knox did not have approval from the Ultroid Companies' shareholders prior to entering into the Option Agreement.**

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 20: Admit that the shareholders of the Ultroid Companies have not ratified the Option Agreement.**

**RESPONSE:**

Request no. 20 asks Plaintiff to admit to the actions the "Ultroid Companies," or of third-party "shareholders of the Ultroid Companies" about which Plaintiff lacks sufficient information or belief to admit or deny. Therefore, the allegations contained in Request no. 20 are denied.

**REQUEST FOR ADMISSION NO. 21: Admit that Richard Blaylock knew Michael Knox lacked shareholder approval to enter in the Option Agreement.**

**RESPONSE:**

Request no. 21 requests Plaintiff to admit to the knowledge possessed by third-party Richard Blaylock about which Plaintiff lacks sufficient information or belief to admit or deny. Therefore, the allegations contained in Request no. 21 are denied.

**REQUEST FOR ADMISSION NO. 22:** Admit that Richard Blaylock knew Michael Knox lacked shareholder approval to sell the Ultroid Assets.

**RESPONSE:**

Request no. 22 requests Plaintiff to admit to the knowledge possessed by third-party Richard Blaylock about which Plaintiff lacks sufficient information or belief to admit or deny. Therefore, the allegations contained in Request no. 22 are denied.

**REQUEST FOR ADMISSION NO. 23:** Admit that Dragon Jade acted as part of an "enterprise" within the meaning of 18 U.S.C. § 1962 with respect to its actions in furtherance of the Option Agreement and Security Agreement.

**OBJECTIONS:**

Plaintiff objects to this Request to the extent that it calls for a legal conclusion.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 24:** Admit that Dragon Jade is engaged and/or participates in activities that affect interstate or foreign commerce as contemplated by 18 U.S.C. § 1962.

**OBJECTIONS:**

Plaintiff objects to this Request to the extent that it calls for a legal conclusion.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 25:** Admit that Dragon Jade did not engage Underwriter's Laboratories for testing and certification of the Ultroid Product as contemplated by the Option Agreement.

**RESPONSE:**

Admitted that Dragon Jade did not engage Underwriter's Laboratories for testing and certification of the Ultroid Product because— as contemplated by the Option Agreement— Dragon Jade's obligation to do so would only arise when the remediation project reached Phase 3. Because the remediation project never reached Phase 3, Dragon Jade's obligation under the

Option Agreement to hire Underwriter's Laboratories for testing and certification of the Ultroid product never arose. Otherwise, the allegations contained in Request no. 25 are denied.

**REQUEST FOR ADMISSION NO. 26: Admit that Dragon Jade failed to establish a quality management system or retain a consulting firm to do so as contemplated by the Option Agreement.**

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 27: Admit that Dragon Jade acted as part of an "enterprise" within the meaning of Fla. Stat. § 772.102 with respect to its actions in furtherance of the Option Agreement and Security Agreement.**

**OBJECTIONS:**

Plaintiff objects to this Request to the extent that it calls for a legal conclusion.

**RESPONSE:**

Denied.

/s/ Elisa J. D'Amico
ELISA J. D'AMICO, ESQ.
Fla. Bar No. 76936
Email: elisa.damico@klgates.com
WILLIAM J. SIMONITSCH, ESQ.
Fla. Bar No. 0422060
Email: bill.simonitsch@klgates.com
DragonJade@klgates.com
Docketing.east@klgates.com
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone:   (305) 539-3300
Facsimile:   (305) 358-7095
***Counsel for Dragon Jade International, Ltd.***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 9, 2018 a true and correct copy of the foregoing document was furnished via email to Josh Walker (jwalker@drml-law.com), Jenna Winchester (jwinchester@drml-law.com), and William E. Lawton (wlawton@drml-law.com), DEAN, RINGERS, MORGAN & LAWTON, P.A., counsel for Ultroid, LLC, Ultroid Marketing Development Corp., and Ultroid Technologies, Inc.

*/s/ Elisa J. D'Amico*
ELISA J. D'AMICO, ESQ.

9

# EXHIBIT A



# Michael Knox
Last seen on 9 October

Free Call | Free Message

+1-813-244-1910

 Free Video Call

 Viber Out Call
Low-cost calling rates!

 Cellular Call
Mobile carrier's rates apply

167818132441910

1-678-181-32441910

+18132441910