UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL,
LTD.,

    **Plaintiff,**

vs.                                                                         Case No. 8:17-cv-2422-T-27CPT

ULTROID, LLC, ULTROID MARKETING
DEVELOPMENT CORP., and ULTROID
TECHNOLOGIES, INC.

    **Defendants.**
_____/

## ORDER

    **BEFORE THE COURT** is Ultroid's Motion to Strike Dragon Jade's Reply Brief in Support of Summary Judgment Motion, or, in the Alternative, Motion for Leave to File a Surreply (Dkt. 146). In the Motion, Ultroid argues that Dragon Jade's Reply should be stricken as it "contains numerous claims for affirmative relief that were not contained in Dragon Jade's summary judgment motion or in any other motion filed by Dragon Jade." (Dkt. 146 at p. 3). And as Ultroid correctly contends, "[a] request for a court order must be made by motion." See Fed. R. Civ. P. 7(b)(1). Upon review of the Reply (Dkt. 145), Dragon Jade unequivocally asks this Court to (1) "Sanction Ultroid by precluding them from using the Sworn Statement as summary judgment evidence"; direct Ultroid to "produce all withheld documents relating to the portions of the Sworn Statement used by Ultroid"; "disregard the Sworn Statement when considering any adverse inference against Ultroid to which Plaintiff is entitled"; and "exclude the affidavit of Ultroid's patent attorney." (Id. at pp. 2-3). These requests are inappropriate in the context of a reply. *See Armington v. Dolgencorp, Inc.*, No.

1

3:07-CV-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion").[1] Accordingly, the Motion (Dkt. 146) is **GRANTED** to the extent that Dragon Jade's Reply (Dkt. 145) is **STRICKEN**. All future requests for affirmative relief shall be in the form of a properly filed motion. *See* Fed. R. Civ. P. 7(b).

**DONE AND ORDERED** this 19th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[1] *See also PPS Data, LLC v. Athenahealth, Inc.*, No. 3:11-CV-746-J-37TEM, 2012 WL 601208, at *2 (M.D. Fla. Feb. 23, 2012) ("The Court is not inclined to grant any application as serious as one for sanctions under Rule 11 which has not been presented to the Court as a separate motion. Federal Rule of Civil Procedure 7(b)(1), in fact, requires any 'request for a court order' to be 'made by motion.' A response to a motion is not a motion.").