UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DRAGON JADE INTERNATIONAL, LTD.**, a British Virgin Island limited company,

    **Plaintiff/Counter-Defendant,**

vs.

**ULTROID, LLC**, a Nevada corporation; **ULTROID MARKETING DEVELOPMENT CORP.**, a Florida corporation; **ULTROID TECHNOLOGIES, INC.**, a Florida corporation,

    **Defendants/Counter-Plaintiffs.**
_____/

CASE NO: 8:17-cv-2422-T-27TBM

**DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE
IN OPPOSITION TO DRAGON JADE'S MOTION TO CONTINUE TRIAL**

Defendants/Counter-Plaintiffs, Ultroid, LLC., Ultroid Marketing and Development Corp., and Ultroid Techonologies, Inc. (collectively "Ultroid"), by and through undersigned counsel, hereby respond in opposition to Dragon Jade's Motion to Continue Trial, and state as follows:

**I.    Procedural History.**

This action has been pending since Dragon Jade filed suit on October 13, 2017. [Doc. 1]. This case was initially set for trial on the April 1, 2019 trial docket. The case was continued several months before that trial term due to the withdrawal of Dragon Jade's former attorneys from the Pillsbury Winthrop Law Firm. [Doc. 69, 70, 74]. After the substitution by Dragon Jade's current attorneys, the case was continued from the April 2019 trial term to the May 2019 trial term, [Doc. 74], then to the September 2019 trial term, [Doc. 123], then to the December 2019 trial term, [Doc. 150], and then to the October 2020 trial term. [Doc. 180]. Dragon Jade has now moved this Court to continue the trial once

again for an indefinite period of time. [Doc. 182]. Dragon Jade's attorneys also contemporaneously filed a Motion to Withdraw as Counsel. [Doc. 183].

The Defendants recognize the trial in this case is likely to be delayed due to the COVID-19 pandemic. However, the Defendants respectfully submit that this case should be tried at the earliest possible opportunity, notwithstanding Dragon Jade's claimed reasons for its newest request for a continuance. This lawsuit has been plagued by significant delays which Dragon Jade has captalized upon in order to perpetuate its continued theft and international marketing of Ultroid's intellectual property. By continuing to delay this case, Dragon Jade is effectively running out the clock on Ultroid's U.S. patents, while simultaneously applying for Chinese patents and marketing Ultroid's intellectual property as it if were its own.[1] Continued delays are depriving Ultroid of its competitive advantage and full use of its intellectual property. This has and continues to cause significant prejudice to Ultroid and its shareholders.

**II.     Standard on Motion for Continuance.**

Ultroid is entitled to a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. A Track Two case, such as this, should be tried within two years after the filing of suit. M.D. Loc. R. 3.05(c)(2)(E). A motion for continuance of trial "is distinctly disfavored." *Id.*

---

[1] Dragon Jade's website markets the Ultroid technology as if it were owned by Dragon Jade and invites others to apply to be Dragon Jade's distributor of Ultroid products. *See* https://www.dragonjade.com/copy-of-history (last visited September 8, 2020). In its 6k submissions to the SEC, Dragon Jade disclosed that its proprietary hemorrhoid technology is pending approval with the Chinese FDA (CFDA). *See* https://www.sec.gov/Archives/edgar/data/1456787/000121390019007497/f6k043019ex99-1_dragonjade.htm, slide 6 (last visited September 8, 2020). Compare this against Dragon Jade's arguments before this Court when moving to dismiss Ultroid's Counterclaims, in which it disavowed ownership of the Ultroid technology, arguing instead that the contract at issue called for nothing more than an option to purchase the technology at a later date. (Doc. 127, pp. 20-21) ("The plain language of the EORA makes it clear that its execution is *not a sale of any of the Assets* but rather provides Dragon Jade with an exclusive and irrevocable option to have a period to exclusively negotiate the full terms of a potential purchase of the Assets….") (emphasis in original). This Court accepted Dragon Jade's arguments and thereby dismissed Ultroid's counterclaims for Recission. [Doc. 134, pp. 9-11.] Having secured that victory, along with substantial delays in the case, Dragon Jade has upped its efforts to effectuate the complete takeover of Ultroid's intellectual property notwithstanding the pendency of this lawsuit.

"A district court retains the inherent authority to manage its own docket." *Wilson v. Farley,* 203 Fed. Appx. 239, 250 (11th Cir. 2006). However, "[i]n the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket." *Young v. City of Palm Bay, Fla.,* 358 F.3d 859, 864 (11th Cir. 2004). *See also Idearc Media Corp. v. Kimsey & Assocs., P.A.,* No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *1 (M.D. Fla. Feb. 18, 2009) ("Lenity in scheduling must be balanced against the needs of not only opposing parties and counsel, but the public at large.")

A showing of good cause is necessary to modify a court's scheduling order. Fed. R. Civ. P. 16(b)(4). This Court's Local Rules also require a showing of good cause to continue a trial. M.D. Loc. R. 3.09(a) ("[A] continuance may be allowed by order of the Court for good cause shown.") "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.,* 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). *See also See Turner v. Neptune Towing & Recovery, Inc.,* No. 8:09-CV-1071-T-27AEP, 2010 WL 3154082, at *2 (M.D. Fla. Aug. 9, 2010) (rejecting plaintiff's argument that reopening discovery and continuing the trial would assist her in obtaining counsel because she "had ample time to retain new counsel but has not done so."). This Court's Local Rules also require that a motion to continue trial must be signed by the attorney of record, "who shall certify that the moving party has been informed of the motion and has consented to it." M.D. Loc. R. 3.09(d).

### III. Dragon Jade has not established good cause to support a request for continuance.

Dragon Jade claims that a continuance is necessary due to its CEO, Dr. Stephen Lai, having suffered a Transient Ischemic Attack (TIA) in January, 2020. Dragon Jade

3

offers very little information regarding Dr. Lai's illness or expected recovery, but nonetheless claims he is an essential witness that should be present at trial. This claim rings hollow for several reasons.

Dragon Jade claims that Dr. Lai is an essential witness that must be present to testify in person. This must be a new opinion. When Ultroid previously attempted to take Dr. Lai's deposition Dragon Jade fought against those efforts, resulting in substantial motion practice and a hearing before the Court, which ultimately led to an order allowing the deposition to proceed. [Doc. 79, 85, 94, 95, 105]. The Court granted Ultroid's Motion to Compel, and Dr. Lai's videotaped deposition was taken on January 9, 2019. Dragon Jade's argument that Dr. Lai's testimony is "critical to Plaintiff's case" is therefore a newfound belief. Furthermore, Dr. Lai's videotaped deposition has been preserved for trial, thus there is minimal prejudice caused to Dragon Jade if Dr. Lai is not present to testify in person.

Dragon Jade also failed to provide any substantiated information regarding Dr. Lai's TIA in January 2020, or his prognosis or expected recovery. The only information provided is a hearsay statement from Dragon Jade's CFO that Dr. Lai "may not be medically fit to participate in trial preparations or to testify at trial." (Mtn. p. 3.) Seeming to acknowledge the insufficiency of this statement, Dragon Jade's attorneys requested more information but have received <u>nothing</u> in response from Dragon Jade. *Id*. This fact, combined with the Motion to Withdraw as Counsel, would seem to indicate that Dragon Jade has abandoned this lawsuit. At a minimum, it has failed to reasonably and responsibly take measures necessary to ensure that it is prepared to meet the Case Management and Scheduling Order deadlines and to prepare this action for trial.

Dragon Jade has taken an aggressive and unabashed stance on its use of Ultroid's intellectual property. By continuing to delay this case, Dragon Jade is effectively

achieving the relief it demands in this lawsuit – not through a trial by jury, but by running out the clock on Ultroid's patents and thereby depriving Ultroid of its competitive advantage. While Ultroid understands the unique circumstances surrounding the COVID-19 pandemic, it is respectfully requested that this case be set for trial at the earliest possible opportunity – with or without Dr. Lai's participation.

WHEREFORE, the Defendants respectfully request this Court enter an Order denying Dragon Jade's Motion for Continuance, and for such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 9, 2020, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to William E. Lawton, Esq., and Jenna M. Winchester, Esq., P.O. Box 2928, Orlando, FL 32802-2928; William J. Simonitsch, Esq., Elisa J. D'Amico, Esq., and Joshua C. Carpenter, Esq., 200 South Biscayne Boulevard, Suite 3900, Miami, FL 33131.

>        /s/ *Joshua B. Walker*
> JOSHUA B. WALKER
> Florida Bar No. 0047614
> Walker, Revels, Greninger & Netcher PLLC
> 189 S. Orange Ave, Ste. 1830
> Orlando, FL 32801
> Tel: 407-789-1830  Fax: 321-251-2990
> jwalker@wrgn-law.com
> Counsel for Defendants/Counter-Plaintiffs

5