UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAGON JADE INTERNATIONAL,
LTD.,

    Plaintiff/Counter-Defendant,

v.                                                      Case No. 8:17-cv-2422-T-27CPT

ULTROID, LLC, ULTROID MARKETING
DEVELOPMENT CORP., and ULTROID
TECHNOLOGIES, INC.,

    Defendants/Counter-Plaintiffs.
_____/

**O R D E R**

    Before the Court are the *Plaintiff/Counter-Defendant Dragon Jade International, Ltd.'s Motion to Continue Trial* (Doc. 182), two *Motions to Withdraw as Counsel for Dragon Jade International, Ltd.* (Docs. 183, 188), and *Defendants/Counter-Plaintiffs' Response in Opposition to Dragon Jade's Motion to Continue Trial* (Doc. 185). For the reasons discussed below, the Plaintiff's motions are granted as set forth more fully herein.

I.

    Plaintiff Dragon Jade International, Ltd. (Dragon Jade) initiated this action in October 2017 alleging that Defendants Ultroid, LLC, Ultroid Marketing Development Corp., and Ultroid Technologies, Inc. (collectively, Ultroid

Defendants), breached two agreements between the parties. *See* (Docs. 1, 1-1, 1-2). The Ultroid Defendants counterclaimed against Dragon Jade, asserting a violation of the Florida Deceptive and Unfair Trade Practices Act; violations of both the federal and Florida Racketeering Influenced and Corrupt Organization (RICO) Acts; claims for rescission based upon lack of shareholder approval, fraudulent and illegal conduct, and fraud in the inducement; a claim for conspiracy to defraud; and a claim for breach of contract. (Doc. 126). The Court subsequently dismissed the Ultroid Defendants' RICO claims, as well as their claim for rescission predicated upon a lack of shareholder approval. (Doc. 136). A jury trial on the remaining claims and counterclaims is currently scheduled for the October 2020 trial term before the Honorable James D. Whittemore. (Doc. 180).

Dragon Jade now seeks a continuance of the trial due to the illness of its CEO, Dr. Steven Lai, who Dragon Jade asserts is a material witness in the case. (Doc. 182). While recognizing that the trial will likely have to be postponed due to the COVID-19 pandemic, the Ultroid Defendants oppose Dragon Jade's continuance request and ask that the Court schedule the trial for the earliest possible date. (Doc. 185).

Two of Dragon Jade's attorneys, William J. Simonitsch and Elisa J. D'Amico of the law firm, K&L Gates, simultaneously move to withdraw as counsel of record, citing irreconcilable differences due to Dragon Jade's lack of communication with counsel and its failure to pay K&L Gates's legal bills. (Doc. 183). The Court conducted a hearing on these matters on September 10, 2020. Following the

hearing, two more of Dragon Jade's counsel of record in this case, Joshua Carpenter and Javier Roldán Cora (also of K&L Gates), filed a motion to withdraw as well. (Doc. 188).

II.

Upon due consideration of the matter, *Plaintiff/Counter-Defendant Dragon Jade International, Ltd.'s Motion to Continue Trial* (Doc. 182) is granted to the extent that the October trial will be postponed. As the Court indicated at the September 10 hearing, it does not appear feasible at this point for the Court to conduct a jury trial in October 2020 given the ongoing COVID-19 pandemic. Because the Court remains uncertain as to when jury trials will resume, the Court will re-schedule the trial at its discretion.

The motions to withdraw filed by K&L Gates attorneys Simonitsch, D'Amico, Carpenter, and Roldán Cora (Docs. 183, 188) are likewise granted. In accordance with Local Rule 2.03, Dragon Jade was notified on August 16 and 18, 2020, of K&L Gates's desire to withdraw. *Id.* at 3. Despite this notice, counsel represents that Dragon Jade has not rectified the billing dispute with K&L Gates, nor has it adequately communicated with counsel.

III.

In light of the above, the Court hereby ORDERS as follows:

1. Attorneys Simonitsch, D'Amico, Carpenter, and Roldán Cora are relieved of any further responsibility in this matter, except that they shall promptly provide Dragon Jade with a copy of this Order.

2. The Clerk of Court is directed to terminate attorneys Simonitsch, D'Amico, Carpenter, and Roldán Cora as counsel of record for Dragon Jade.

3. The Court advises Dragon Jade that corporate entities cannot proceed *pro se* and must instead be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384 (11th Cir. 1985); *see also* M.D. Fla. R. 2.03(e). Thus, within twenty-one (21) days of the date of this Order, Dragon Jade shall advise the Court of the name, business address, email address, and telephone number of successor counsel. Failure to obtain successor counsel may result in a dismissal of Dragon Jade's claims and/or a default being entered against it on the Ultroid Defendants' counterclaims.

4. Until successor counsel appears on Dragon Jade's behalf, the Clerk of Court and all counsel of record shall provide all future filings to:

> Dragon Jade International, Ltd.
> C/O Dr. Steven Lai
> Suite 2302, 23/F, New World Tower I
> 18 Queen's Road Central
> Hong Kong

5. The Clerk of Court is directed to cancel both the Final Pretrial Conference currently calendared to take place on September 17, 2020, and the October Jury Trial.

6. The Clerk of Court is also directed to schedule a Zoom video status conference before the undersigned on October 6, 2020, at 10 a.m., and to re-schedule the Final Pretrial Conference before the undersigned on October 22, 2020, at 10 a.m.

7. The Jury Trial will be re-set by separate notice at a date to be determined by the Court.

DONE and ORDERED in Tampa, Florida, this 11th day of September 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Dragon Jade International, Ltd.